Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street. Suite 200
San Diego, CA 92037
Tel: 949.636.1391

Richard S. Mandaro (PHV to be filed)
rmandaro@arelaw.com
Amster Rothstein & Ebenstein LLP
90 Park Avenue, 21st Fl.
New York, New York 10016
Tel: 212-336-8000

***Attorneys for Defendant Shefa Group***
***LLC sued herein as Morning Beauty***

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOSIE MARAN COSMETICS, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>MORNING BEAUTY,<br><br>   Defendant. | No. 8:20-cv-01032-JLS (JDEx)<br><br>**Defendant's Memorandum of Points and Authorities Supporting Motion to Dismiss for Lack of Personal Jurisdiction and Failure to Sate a Claim [Fed. R. Civ. P. 12(b) 2 and 6]**<br><br>Date: November 13, 2020<br>Time: 10:30 a.m.<br>Judge: Staton |

## TABLE OF CONTENTS

PAGE

A. Introduction ...................................................................................................1

   1. The Lawsuit ..........................................................................................2

   2. The Defendant Lacks Ties To California .............................................2

B. Argument .....................................................................................................3

   1. Defendants Are Not Subject to General or Specific Personal
      Jurisdiction in California .......................................................................3

      a. The Complaint's Conclusory Personal Jurisdiction Allegations
         Fail to Comport with *Twombly* And *Iqbal*.......................................3

      b. Defendant is Not Subject to General Jurisdiction.......................4

      c. Defendant is Not Subject to Specific Jurisdiction Because
         It Does Not Allege Conduct "Purposefully Directed" at California ........5

   2. Plaintiff's Anticipated Request for Jurisdictional
      Discovery Should Be Denied.................................................................9

   3. The Complaint Should Be Dismissed with Prejudice for
      Failing to State a Claim under the Lanham Act or State Law.........................9

      a. Legal Standards...........................................................................10

      b. The Complaint Fails to State a Claim for Trademark
         Infringement Under 15 U.S.C. § 1114.................................................10

         1. Plaintiff's Sales are Sanctioned Under the First Sale Doctrine ......10

         2. Plaintiff's "Lack of Warranty" Claim Is Unsupported ..................12

      c. The "Quality Control" Exception Is Inapplicable .................................13

      d. The Complaint Fails to State a Claim for Unfair
         Competition Under 15 U.S.C. § 1125(a) ...............................................15

      e. Defendant's Sales Activity Does Not Cause Dilution
         Of Plaintiff's Trademarks .........................................................................17

**f.**   Defendant is Not Entitled to Declaratory Judgement Or Injunctive Relief ........................................................19

C.   Conclusion ..........................................................................19

Memorandum of Points and Authorities in Support          Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                                    No. 8:20-cv-01032-JLS (JDEx)

ii

4842-3151-3283v.2

1
2
## <u>TABLE OF AUTHORITIES</u>
3
**Page(s)**
4
5
C<small>ASES</small>

6
*Amba Mktg. Sys., Inc. v. obar Int'l, Inc.*,
7
    551 F2d 784, 787 (9th Cir. 1977) .................................................................. 4

8
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................... 1, 3, 10
9
10
*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ............................................................................ 6
11
12
*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ........................................................................... 10
13
14
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................... 1, 3, 4
15
16
*Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*,
    562 F.3d 1067 (10th Cir. 2009) ....................................................................... 15
17
18
*Bern Unlimited, Inc. v. Burton Corp.*,
    95 F. Supp. 3d 184 (D. Mass. 2015) ........................................................... 17, 19
19
20
*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) ..................................................................... 7, 8, 9
21
*Brain Pharma, LLC v. Scalini*,
    858 F. Supp. 2d 1349 (S.D. Fla. 2012) ......................................................... 15, 16
22
23
*Butcher's Union Local No. 498 v. SDC Inv., Inc.*,
    788 F.2d 535 (9th Cir.1986) ............................................................................ 9
24
25
*Calder v. Jones*,
    465 U.S. 783 (1984) ...................................................................................... 6
26
27
Memorandum of Points and Authorities in Support     Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                       No. 8:20-cv-01032-JLS (JDEx)

iii
28

*Cleary v. News Corp.*,
    30 F.3d 1255 (9th Cir. 1994) ........................................................................ 17

*Cybersell, Inc. v. Cybersell, Inc.*,
    130 F.3d 414, 418 (9th Cir. 1997) .................................................................. 7

*Davidoff & Cie, S.A.* v. *PLD Int'l Corp.*,
    263 F.3d 1297 (11th Cir. 2001) ................................................................... 16

*Denbicare U.S.A. Inc. v. Toys "R" Us, Inc.*,
    84 F.3d 1143 (9th Cir. 1996), *abrogated in part on other grounds by*,
    *Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013) ..................... 17

*Doe v. Am. Nat'l Red Cross*,
    112 F.3d 1048 (9th Cir. 1997) ....................................................................... 3

*Enesco Corp. v. Price/Costco Inc.*,
    146 F.3d 1083 (9th Cir. 1998) ..................................................................... 14

*Fields v. Legacy Health Sys.*,
    413 F.3d 943 (9th Cir. 2005) ......................................................................... 4

*Fiore v. Walden*,
    688 F.3d 558 (9th Cir. 2012), *rev'd on other grounds*, 571 U.S. 277
    (2014) ............................................................................................................ 4

*Garmon Corp. v. Heathypets, Inc.*,
    No. 5:28-cv-00809-ODW, 2019 U.S. Dist. LEXIS 83112
    (C.D. Cal. May 16, 2019) ............................................................................ 12

*Grateful Palate Inc. v. Joshua Tree Imps., LLC*,
    220 F. App'x 635 (9th Cir. 2007) ............................................................... 11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ................................................................................ 3, 4

*Huf Worldwide, LLC v. Wal-Mart Stores, Inc.*,
    No. 16cv751-LAB (WVG), 2017 U.S. Dist. LEXIS 28297
    (S.D. Cal. Feb. 28, 2017) ............................................................................ 13

Memorandum of Points and Authorities in Support      Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss      No. 8:20-cv-01032-JLS (JDEx)

iv

4842-3151-3283v.2

*Iberia Foods Corp. v. Romeo*,
  150 F.3d 298 (3rd Cir. 1998)................................................................ 18

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ..................................................................... 7, 9

*Kia Motors Am., Inc. v. Autoworks Distrib.*,
  No. 06-156 (DWF/JJG), 2009 U.S. Dist. LEXIS 15642
  (D. Minn. Feb. 26, 2009) .................................................................. 15

*LA Printex v. M & A Imps. Ltd*,
  No. 13-CV-2233-BRO-MAN, 2013 U.S. Dist. LEXIS 198747
  (C.D. Cal. July 19, 2013) ................................................................... 4

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
  633 F.3d 1158 (9th Cir. 2011) ........................................................... 18

*Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*,
  988 F.2d 587 (5th Cir. 1993) ............................................................ 14

*Medmark, LLC v. Idingo*,
  LLC, No. CV 18-6938 PA (JEMX), 2018 U.S. Dist. LEXIS 224514
  (C.D. Cal. Nov. 2, 2018).................................................................. 8, 9

*NEC Elecs. v. CAL Circuit Abco*,
  810 F.2d 1506 (9th Cir. 1987) ....................................................*passim*

*Oakley, Inc. v. Donofrio*,
  No. 12-02191-CJC(RNBx), 2013 U.S. Dist LEXIS 198264
  (C.D. Cal. June 14, 2013) ................................................................... 7

*Pado, Inc. v. SG Trademark Holding Co. LLC*,
  No. CV 20-01565-CJC(PVCx), 2020 U.S. Dist. LEXIS 51751
   (C.D. Cal. Mar. 24, 2020)................................................................... 8

*Pado, Inc. v. Wieder and Friedman Enters. Inc.*,
  No. 2:20-cv-04268-CJC-PVC (C.D. Cal. July 9, 2020), ECF No. 21 ..................... 8

Memorandum of Points and Authorities in Support          Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                                   No. 8:20-cv-01032-JLS (JDEx)

v

4842-3151-3283v.2

*Pebble Beach Co. v. Caddy*,
    453 F.3d 1151 (9th Cir. 2006) ............................................................................. 3, 5

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ........................................................................... 5

*Prestonettes, Inc. v. Coty*,
    264 U.S. 359, 44 S.Ct. 350 (1924) ....................................................................... 11

*Rosen v.Wood*,
    No. CV 15-8723-DMG, 2016 U.S. Dist LEXIS 186411
    (C.D. Cal. May 25, 2016) ......................................................................................... 8

*Ross Bicycles, Inc. v. Cycles USA, Inc.*,
    765 F.2d 1502 (11th Cir. 1985) ........................................................................... 16

*Rousselot B.V. v. St.Paul Brands Inc.*,
    No. CV 19-0458-DOC(ADSx), 2020 U.S.Dist. LEXIS 89916
    (C.D. Cal. Feb. 14, 2020) ........................................................................................ 8

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ...................................................................... 4, 5, 6

*Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*,
    53 F.3d 1073 (9th Cir. 1995) ............................................................................. 18

*Walden v. Fiore*,
    571 U.S. 277 (2014) ................................................................................................ 6

*Wellnext LLC v. OVM LLC*,
    No. 17-CV-62107-HUCK, 2017 U.S. Dist. LEXIS 218128
    (S.D. Fla. Feb. 15, 2017) ..................................................................................... 15

**STATUTES**

15 U.S.C. § 1114.................................................................................................... 10

15 U.S.C. § 1125(a) ............................................................................................ 16

15 U.S.C. § 1125(c)(1) ................................................................ 17, 18

Cal. Bus. & Prof. Code § 14247 ..................................................... 2

Cal. Bus. & Prof. Code § 14250 ..................................................... 2

Cal. Bus. & Prof. Code § 17200 *et seq.* .................................... 2, 16

Cal. Civ. Code § 410.10 ................................................................. 3

Lanham Act § 43(a) ................................................................. 14,16

**RULES**

Fed. R. Civ. P. 12(b)(2) ................................................................ 19

Fed. R. Civ. P. 12(b)(6) ................................................................ 19

Memorandum of Points and Authorities in Support
of Defendant's Motion to Dismiss

Josie Maran Cosmetics v. Morning Beauty
No. 8:20-cv-01032-JLS (JDEx)

vii

4842-3151-3283v.2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## A.   INTRODUCTION

Plaintiff's Complaint (ECF No. 1 ("Compl.")) does not allege a *prima facie* basis for personal jurisdiction over the Defendant Shefa Group LLC sued herein as Morning Beauty.  It does not identify any events or transactions that took place in California.  Instead, Plaintiff offers conclusory jurisdictional allegations which fail to establish that the Defendant "purposefully directed" its activities towards the forum state.  Moreover, under the Ninth Circuit's internet jurisdiction jurisprudence, a passive internet presence does not give rise to personal jurisdiction.  The Ninth Circuit demands something more.

Defendant Morning Beauty is an Amazon storefront owned and operated by Shefa Group LLC ("Shefa").  The Morning Beauty online storefront sells the accused Josie Maran cosmetic products among other products.  Shefa is a New York corporation with its address at 164 South 8th Street, Brooklyn, NY 11211.  Shefa has no direct contacts with California.  The Complaint's conclusory allegations fail to meet *Iqbal*'s[1] and *Twombly*'s[2] pleading requirements and fail to show any purposeful direction by the Defendant towards California.  Further, as confirmed by the accompanying declaration of Avrohom Schwed, these defects cannot be cured.

In addition to lacking jurisdiction, there is a second basis for the Complaint to be dismissed with prejudice.  All of Plaintiff's asserted claims which consist of Lanham Act and federal and state unfair competition claims must fail because the accused sales by Defendant are insulated from trademark infringement under the first sale doctrine since Defendant simply resells Plaintiff's products.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

### 1.   The Lawsuit

Plaintiff filed this action on June 8, 2020. Plaintiff's Complaint alleges seven causes of action, namely, (1) Trademark Infringement; (2) Unfair Competition; (3) Trademark Dilution; (4) Violations of Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) Declaratory Judgment/Injunctive Relief; (6) Violation of Cal. Bus. & Prof. Code § 14250; and (7) Violation of Cal. Bus. & Prof. Code § 14247.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on July 14, 2020.

### 2.   The Defendant Lacks Ties To California

Shefa Group LLC ("Shefa") is a New York corporation with its address at 164 South 8th Street, Brooklyn, New York 11211.  (Schweid Decl. ¶ 2.)[3]  Shefa owns and operates the Amazon.com storefront Morning Beauty, which sells Josie Maran cosmetic products among other products.  (*Id.* ¶ 4.)  Shefa has no direct contacts with California.  Shefa does not own or lease offices, warehouses, or real property in California, and it has no employees in California.  (*Id.* ¶ 3.)

The Complaint's only jurisdictional allegations state, "6. This Court has personal jurisdiction over Defendant because Defendant has shipped, sold and marketed the [accused] Products in California, in a manner that has harmed Plaintiff and violated its intellectual property rights" and "8. Defendant has sufficient minimum contacts with the State of California with respect to the subject matter of this action to satisfy Constitutional due process.  As a result of Defendant's business activities directed to the state of California, Defendant could reasonably anticipate being brought into court in this forum."  (Compl. ¶¶ 6, 8.)  The Complaint does not allege what the

---

[3] Submitted with this Motion is the supporting declaration of Avrohom Schweid hereinafter referred to as "Schweid Decl."

1   Defendant does in California.  Rather, the Complaint accurately alleges that "Defend-

2   ant sells the [accused] Products online on Amazon" (*id.* ¶ 35) and shows a screenshot

3   from the Morning Beauty Amazon storefront (*Id.* ¶ 52).  In fact, Shefa purchases Jo-

4   sie Maran products from legitimate market channels and sells all of its Josie Maran

5   products on Amazon.com.  (*Id.* ¶¶ 5, 6.)  Defendant does not alter or modify any Josie

6   Maran products. (*Id.* ¶ 5.)

7   **B.   ARGUMENT**

8       **1.   Defendants Are Not Subject to General or Specific Personal**

9           **Jurisdiction in California**

10       There are two bases for exercising jurisdiction over a nonresident defendant:

11   (1) "general jurisdiction," which arises when a defendant's activities in the forum are

12   sufficiently "substantial" or "continuous and systematic" to justify the exercise of ju-

13   risdiction over it in all matters, and (2) "specific jurisdiction," which arises when a

14   defendant's specific contacts with the forum give rise to the claim in question.

15   *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984);

16   *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050–51 (9th Cir. 1997).  "[P]laintiff

17   bears the burden of demonstrating that the court has jurisdiction over the defendant."

18   *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  California's long-

19   arm statute, Cal. Civ. Code § 410.10, extends personal jurisdiction to the limits of due

20   process.  *Pebble Beach,* 453 F.3d at 1154.

21       **a.   The Complaint's Conclusory Personal Jurisdiction Allegations**

22           **Fail to Comport with *Twombly* And *Iqbal***

23       Allegations that merely state a legal conclusion "are not entitled to the assump-

24   tion of truth."  *Iqbal*, 556 U.S. at 679.  "[M]ere bare bones assertions of minimum

25

26

27

28

---

Memorandum of Points and Authorities in Support       Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss       No. 8:20-cv-01032-JLS (JDEx)

4842-3151-3283v.2

1  contacts with the forum or legal conclusions unsupported by specific factual allega-

2  tions will not support a plaintiff's pleading burden." *LA Printex v. M & A Imps. Ltd*,

3  No. 13-CV-2233-BRO-MAN, 2013 U.S. Dist. LEXIS 198747, at *3 (C.D. Cal. July

4  19, 2013) (quoting *Fiore v. Walden*, 688 F.3d 558, 574–75 (9th Cir. 2012), *rev'd on*

5  *other grounds*, 571 U.S. 277 (2014).

6        Plaintiff's jurisdictional allegations state "Defendant has shipped, sold and

7  marketed the [accused] Products in California," "Defendant has sufficient minimum

8  contacts with the State of California," and "Defendant's business activities [are] di-

9  rected to the state of California."  (Compl. ¶¶ 6, 8.)  Such conclusory allegations are

10  insufficient.  Plaintiff cannot "simply rest on the bare allegations of its complaint."

11  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quot-

12  ing *Amba Mktg. Sys., Inc. v. obar Int'l, Inc.*, 551 F2d 784, 787 (9th Cir. 1977)).

13  Though "[a]ll allegations of material fact [in a complaint] are taken as true …, con-

14  clusory allegations of law and unwarranted inferences are insufficient to defeat a mo-

15  tion to dismiss for failure to state a claim." *Fields v. Legacy Health Sys.*, 413 F.3d

16  943, 950 n.5 (9th Cir. 2005) (citations and internal quotation marks omitted).  The ju-

17  risdictional allegations are inadequate because they only state "naked assertion[s]"

18  without "further factual enhancement." *Twombly*, 550 U.S. at 557.

19        **b.**     **Defendant is Not Subject to General Jurisdiction**

20        General jurisdiction over a defendant is proper when a foreign defendant has

21  continuous and systematic business contacts with California.  *Helicopteros* 466 U.S.

22  at 416; *Schwarzenegger*, 374 F.3d at 801.  "This is an exacting standard, as it should

23  be, because a finding of general jurisdiction permits a defendant to be haled into court

24  in the forum state to answer for any of its activities anywhere in the world."

25  *Schwarzenegger*, 374 F.3d at 801.

26

27

28

Memorandum of Points and Authorities in Support      Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                      No. 8:20-cv-01032-JLS (JDEx)

4

4842-3151-3283v.2

Based on the Complaint's jurisdictional allegations, it does not appear that Plaintiff is alleging that the Court has general jurisdiction over the Defendant.  There are no allegations to support "substantial" or "continuous and systematic" activities by Defendant in California.  Nonetheless, for the sake of completeness, it is worth pointing out that Defendant has no physical presence in California, owns no property in California, has no California offices or facilities, and has no employees in California.  (Schweid Decl. ¶¶ 2-3.)  Further, Plaintiff has not alleged physical presence, ownership of property or offices or facilities in California.  Therefore, Defendant should not be subject to general jurisdiction in California.

      c.      **Defendant is Not Subject to Specific Jurisdiction Because it Does Not Allege Conduct "Purposefully Directed" at California**

Due process also allows for specific jurisdiction over a foreign defendant in California if the defendant has sufficient "minimum contacts" with that state and the cause of action arises from or is related to those contacts.  *Pebble Beach*, 453 F.3d at 1154.  The Ninth Circuit employs a three-part test to access a claim of specific personal jurisdiction:

1. The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof;

2. the claim must be one which arises out of or relates to the defendant's forum-related activities; and

3. the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

1   *Picot v. Weston,* 780 F.3d 1206, 1211 (9th Cir. 2015)*; Schwarzenegger*, 374 F.3d at

2   802.  A plaintiff must establish the first two factors.  *Schwarzenegger*, 374 F.3d at

3   802.  Personal jurisdiction is not proper if plaintiff fails to establish either. *Id.*

4   A plaintiff alleging claims sounding in tort or fraud must establish that the de-

5   fendant "purposefully directed" its activities toward the forum state to show that the

6   Court has personal jurisdiction over the defendant.  *Id.*  The Ninth Circuit evaluates

7   purposeful direction under the three-part "effects" test, derived from *Calder v. Jones,*

8   465 U.S. 783 (1984).  *Id.* at 803.  The "effects" test requires that the defendant have

9   allegedly "(1) committed an intentional act, (2) expressly aimed at the forum state,

10  (3) causing harm that the defendant knows is likely to be suffered in the forum state."

11  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.,* 874 F.3d 1064, 1069 (9th Cir. 2017).  Spe-

12  cific personal jurisdiction must stem from "the defendant's 'own contacts' with the

13  forum, not [from] the defendant's knowledge of a plaintiff's connection to a forum."

14  *Id.* at 1070 (quoting *Walden v. Fiore,* 571 U.S. 277, 285 (2014)).  "[T]he plaintiff

15  cannot be the only link between the defendant and the forum."  *Walden,* 571 U.S. at

16  285.

17  Here, Plaintiff cannot establish either of the first two prongs because the Com-

18  plaint fails to allege a *prima facie* basis for personal jurisdiction.  Instead, it offers

19  conclusory jurisdictional allegations: "Defendant has shipped, sold and marketed the

20  [accused] Products in California," "Defendant has sufficient minimum contacts with

21  the State of California," and "Defendant's business activities [are] directed to the

22  state of California."  (Compl. ¶¶ 6, 8.)  These allegations fail to specifically identify

23  *any* events or transactions that took place in California or how Defendant's alleged

24  business, marketing and sales activities are "directed to the state of California"  (*Id.*

25

26

27

28

---

Memorandum of Points and Authorities in Support          Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                                      No. 8:20-cv-01032-JLS (JDEx)

6

4842-3151-3283v.2

¶¶ 6, 8.)  The screenshot from Defendant's Amazon storefront showing the Josie Maran Pure Argan Milk listing shows nothing that is specific to California.  (*Id.* ¶ 52.)

The Complaint merely alleges that "Defendant sells the Products online on Amazon." (*Id.* ¶ 35.)  However, a passive internet presence does not give rise to personal jurisdiction.  The Ninth Circuit's "internet jurisdiction" jurisprudence demands "something more."  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997).  The relevant inquiry is whether the Defendant used Amazon "as a means for establishing *regular business* with a remote forum such that a finding of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'"  *See Boschetto v. Hansing,* 539 F.3d 1011, 1019 (9th Cir. 2008) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)) (emphasis added).  For example, a court has personal jurisdiction where defendants "conducted regular business with California customers using [an online platform] as a conduit," engaged in a "substantial volume of transactions," and were "actively and affirmatively involved in completing transactions with California consumers."  *See Oakley, Inc. v. Donofrio,* No. 12-02191-CJC (RNBx), 2013 U.S. Dist LEXIS 198264, at *14-16 (C.D. Cal. June 14, 2013).  That is not the case here.  Under Plaintiff's theory, all "fulfilled by Amazon" sellers could be haled to California by a competing seller.  This is not the law.

Even if Plaintiff had conducted test purchases from Defendant in California (which it did not allege), that would not be sufficient.  It is well settled that a single transaction with an online consumer in the forum state does not give rise to personal jurisdiction.  *See Boschetto* 539 F.3d at 1018-20.  Plaintiff only offers conclusory and vague allegations regarding Defendants contacts and business in California.  (*See* Compl. ¶¶ 6, 8, 18-19, 35, 52.)  Plaintiff has not presented anything other than bare allegations that Defendant "shipped, sold and marketed the Products in California"

and conducted "business activities directed to the State of California." *Id*.  However, even if many people who purchase Defendant's products on Amazon are located in California, that is not enough to show that the Court has personal jurisdiction over Defendants here.  *See Rousselot B.V. v. St. Paul Brands Inc.,* No. CV 19-0458-DOC (ADSx), 2020  U.S. Dist. LEXIS 89916, at *9-10 (C.D. Cal. Feb. 14, 2020) ("That Eco Pharma may *foresee* that the infringing products may, through some sequence of events, end up in commerce in California, is not enough to confer specific personal jurisdiction over a Vietnamese corporation that did not expressly intend to target California."); *Rosen v. Wood,* No. CV 15-8723-DMG (PJWx), 2016 U.S. Dist LEXIS 186411, at *11 (C.D. Cal. May 25, 2016) ("Multiple courts in this district have ruled that eBay pages, in particular, are not targeted at California without a showing of something more."); *see also Medmark, LLC v. Idingo,* LLC, No. CV 18-6938 PA (JEMX)*,* 2018 U.S. Dist. LEXIS 224514, at *15 (C.D. Cal. Nov. 2, 2018) ("All that Plaintiff's submissions establish is that users located anywhere may use the websites to purchase Defendants' products or to access information about products made by Defendants, Plaintiff, and others.  This is insufficient to demonstrate express aiming.").

In fact, in two recent related cases from this very Court, Judge Carney found that that an Amazon seller based out of New York was not subject to personal jurisdiction in California where defendants alleged conduct was not "expressly aimed" at California.  *See Pado, Inc. v. SG Trademark Holding Co. LLC,* No. CV 20-01565-CJC (PVCx), 2020 U.S. Dist. LEXIS 51751, at *14 (C.D. Cal. Mar. 24, 2020); Order Granting Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, *Pado, Inc. v. Wieder and Friedman Enters. Inc.*, No. 2:20-cv-04268-CJC-PVC (C.D. Cal. July 9, 2020), ECF No. 21 at 9 ("In short, Defendants do not have "sufficient contacts or ties

with [California] to make it reasonable and just according to our traditional concep-tion of fair play and substantial justice to permit the state to enforce the obligations which appellant has incurred there." (quoting *Int'l Shoe,* 326 U.S. at 320))

### 2.   Plaintiff's Anticipated Request for Jurisdictional Discovery Should Be Denied

During the conference of counsel pursuant to L.R. 7-3 which took place on July 14, 2020, Plaintiff's counsel mentioned that it could request jurisdictional dis-covery in response to this Motion to enable them to demonstrate sufficient California business contacts by Defendant to establish the court's personal jurisdiction.  If such a request is made, it should respectfully be denied as a fishing expedition.  "A court may properly deny a request for jurisdictional discovery that is 'based on little more than a hunch that it might yield jurisdictionally relevant facts.'"  *Medmark, LLC v. Id-ingo, LLC,* 2018 U.S. Dist. LEXIS 224514, at *17 (C.D. Cal. Nov. 2, 2018) (quoting *Boschetto,* 539 F.3d at 1020); *see also Butcher's Union Local No. 498 v. SDC Inv., Inc.,* 788 F.2d 535, 540 (9th Cir. 1986) (holding that district court did not abuse its discretion by refusing jurisdictional discovery where the plaintiffs "state[d] only that they 'believe' discovery will enable them to demonstrate sufficient California busi-ness contacts to establish the court's personal jurisdiction").

### 3.   The Complaint Should Be Dismissed with Prejudice for Failing to State a Claim under the Lanham Act or State Law

Plaintiff's Complaint should be dismissed for failing to state a claim under the Lanham Act or state law.  As set forth more fully herein, the Complaint (1) fails to provide any factual support for a cause of action under the "quality control" excep-tion to the first-sale doctrine; and (2) fails to provide factual support for a cause of ac-tion under the "material difference" exception to the first-sale doctrine.  Defendant's

Memorandum of Points and Authorities in Support     Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                                          No. 8:20-cv-01032-JLS (JDEx)

9

4842-3151-3283v.2

mere resale of common consumer items (which is not disputed by Plaintiff) is not actionable.  Accordingly, the Complaint should be dismissed with prejudice.

### a.        Legal Standards

To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a complaint must evince the requisite factual detail to establish a plausible claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In other words, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.* at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678. A claim should be dismissed where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

### b.        The Complaint Fails to State a Claim for Trademark Infringement Under 15 U.S.C. § 1114

#### 1.        Plaintiff's Sales are Sanctioned Under the First Sale Doctrine

Count I of the Complaint purports to state a claim for trademark infringement under Section 1114 of the Lanham Act.  However, when stripped of its legal conclusions, the Complaint merely alleges that Defendants sell Josie Maran products on Amazon without Plaintiff's "authorization or consent" (Compl. ¶¶ 33, 56.)  In other words, Plaintiff contests Defendants' resale of genuine products in a sales channel that Plaintiff seeks to control – under the false pretense of "trademark law."  Plaintiff's attempts fundamentally fail as a matter law inter alia because the United States

Memorandum of Points and Authorities in Support         Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                                    No. 8:20-cv-01032-JLS (JDEx)

10

4842-3151-3283v.2

1   trademark laws are "designed to prevent sellers from confusing or deceiving consum-

2   ers about the origin or make of a product, which confusion ordinarily does not exist

3   when a genuine article bearing a true mark is sold." *NEC Elecs. v. CAL Circuit Abco*,

4   810 F.2d 1506, 1509 (9th Cir. 1987), relying on *Prestonettes, Inc. v. Coty*, 264 U.S.

5   359, 368-69, 44 S.Ct. 350 (1924).

6   　　More specifically, the well-established "first sale" doctrine limits trademarks

7   owners from using the Lanham Act and other trademark laws to restrict the sale of

8   their genuine products on the free market after their first sale.  The Ninth Circuit,

9   "along with every other circuit to have considered the question, recognize[s] that

10  trademark holders possess certain rights over the initial sale of a product that they do

11  not have over subsequent sales in the stream of commerce.  Under the first sale doc-

12  trine, the mark holder may ordinarily control the initial sale of the product . . .  After

13  that first sale, however, the trademark holder may establish infringement only if he

14  demonstrates that the goods are materially different." *Grateful Palate Inc. v. Joshua*

15  *Tree Imps., LLC*, 220 F. App'x 635, 637 (9th Cir. 2007) (internal citations omitted.)

16  　　In other words, if a product has not been altered in any material fashion, then

17  purchasers of such product cannot be confused as to its source or origin.  It is for this

18  reason that the Ninth Circuit expressly articulated that the mere resale of genuine

19  product does not incur liability:

20  　　　Trademark law generally does not reach the sale of genuine goods bearing

21  　　　a true mark even though such sale is without the mark owner's consent.

22  　　　Once a trademark owner sells his product, the buyer ordinarily may resell

23  　　　the product under the original mark without incurring any trademark law

24  　　　liability.  The reason is that trademark law is designed to prevent sellers

25  　　　from confusing or deceiving consumers about the origin or make of a

26

27

28

---

Memorandum of Points and Authorities in Support　　　　Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss　　　　　　　　　　　　No. 8:20-cv-01032-JLS (JDEx)

4842-3151-3283v.2

1    product, which confusion ordinarily does not exist when a genuine article

2    bearing a true mark is sold.

3    *NEC Elec.*, 810 F.2d at 1509 (internal citations omitted).

4            **2.**    **Plaintiff's "Lack of Warranty" Claim Is Unsupported**

5        Aware of Morning Beauty's legal right to sell genuine product under the first

6    sale doctrine, Plaintiff makes a half-hearted attempt to invoke the "quality control"

7    and "material difference" exceptions to the first sale doctrine.  Plaintiff also attempts

8    to use an alleged absence of a warranty as a basis for alleged "material difference."

9    As demonstrated below, these attempts must fail.

10        Plaintiff's Complaint asserts that the products sold by Defendant are "materi-

11    ally different" because "Products sold by Defendant do not have a consumer war-

12    ranty."  (Compl. ¶ 61).  But Plaintiff fails to provide any factual support for this the-

13    ory of liability.  To wit, the Complaint does not: 1) explain why Plaintiff would ex-

14    clude genuine products from warranty coverage; or (2) explain why the Defendant (or

15    Amazon) cannot provide equivalent warranty coverage—a warranty that merely pro-

16    vides that the goods are free from defects and that are subject to a "satisfaction guar-

17    antee," which can obviously be provided by any merchant.

18        But a trademark owner cannot sidestep the first-sale doctrine—and attempt to

19    maintain control over downstream sales—simply by disclaiming warranty coverage.

20    *See Garmon Corp. v. Heathypets, Inc.*, No. 5:28-cv-00809-ODW (SHKx), 2019 U.S.

21    Dist. LEXIS 83112, at *12 (C.D. Cal. May 16, 2019) (granting motion to dismiss

22    with prejudice where "[a]lthough Garmon initially alleges that the lack of warranty

23    results in a material difference, it did not plead more than conclusory allegations").

24    Rather, in order to withstand dismissal, a plaintiff must sufficiently allege "how the

25    void warranty is likely to cause confusion or why consumers consider the warranty a

26

27

28

Memorandum of Points and Authorities in Support       Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss               No. 8:20-cv-01032-JLS (JDEx)

12

4842-3151-3283v.2

1    relevant difference." *Huf Worldwide, LLC v. Wal-Mart Stores, Inc.*, No. 16cv751-

2    LAB (WVG), 2017 U.S. Dist. LEXIS 28297, at *4 (S.D. Cal. Feb. 28, 2017).  Here,

3    Plaintiff's Complaint fails to make the necessary allegations to avoid dismissal.

4                    **c.        The "Quality Control" Exception Is Inapplicable**

5            In its Complaint, Plaintiff also alleges its Resale Policy requires "Resellers" to

6    abide by "quality controls related to the packaging, storing and shipping of the Prod-

7    ucts." (Compl. ¶ 20).  Notably, the Resale Policy (Compl. Ex. A) is nothing more

8    than the public-facing "Terms & Conditions" listed on Plaintiff's website, www.josi-

9    emarancosmetics.com.  Plaintiff has not explained how such general Terms & Condi-

10   tions are binding on its authorized resellers, nor has Plaintiff demonstrated or even al-

11   leged that it enforces its Terms & Conditions.  Significantly, Plaintiff has not identi-

12   fied a single authorized reseller.

13           Moreover, Plaintiff's core allegations are based on nothing more than admitted

14   conjecture.  For example, Plaintiff admits that it "cannot verify that Defendant abides

15   by Plaintiff's quality controls or its customer service requirements."  (Compl. ¶ 36).

16   In other instances, Plaintiff hedges its position and alleges that "[u]pon information

17   and belief, Defendant does not abide by these quality controls."  (*e.g. Id.*  ¶ 60).

18   However, despite its admitted lack of knowledge on the issue, Plaintiff somehow con-

19   cludes that "[b]ecause Defendant does not abide by these (unnamed) quality controls

20   or provide the (unidentified) necessary customer service," genuine Josie Maran prod-

21   uct sold by Morning Beauty on Amazon.com is somehow transformed to "Products

22   [that] are not genuine and are materially different from Products sold by Plaintiff or

23   Resellers."  (*Id.*  ¶ 61).

24           However, even if true, Plaintiff's alleged inability to maintain unspecified

25   "quality control" does not save the day because Courts only consider the "quality

26

27   _____

     Memorandum of Points and Authorities in Support          Josie Maran Cosmetics v. Morning Beauty
28   of Defendant's Motion to Dismiss                          No. 8:20-cv-01032-JLS (JDEx)

                                                    13

control" argument as an exception to the first sale doctrine in instances where there is "some defect (or potential defect) in the product itself that the customer would not be readily able to detect." *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*, 988 F.2d 587, 591 (5th Cir. 1993) (emphasis in original). Here, Plaintiff "seeks to push the quality control exception beyond its reasonable limit. The critical issue is whether the public is likely to be confused as a result of the lack of quality control. As noted above, the 'quality control' cases where trademark infringement has been found all involved some defect (or potential defect) in the product itself that the customer would not be readily able to detect." *Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1087 (9th Cir. 1998).

Plaintiff has not and cannot identify a single defect (or potential defect) in the accused products and, as such, Plaintiff cannot rely on the "quality control" exception to the first sale doctrine. In fact, courts including this District have routinely found no basis for Lanham Act trademark infringement and unfair competition claims under facts strikingly similar to those alleged by Plaintiff. For example, in *NEC Electronics. v. Cal Circuit Abco*, 810 F.2d 1506 (9th Cir. 1987), the plaintiff NEC-USA argued that the defendant's unauthorized use of the "NEC" trademark to sell genuine NEC computer chips in the United States–which defendant purchased on the grey market–constituted trademark infringement and unfair competition under Section 43(a) of the Lanham Act. *Id.* at 1508. The Ninth Circuit disagreed – and it held that the lack of the accompanying services or the potential consumer confusion could not save NEC-USA's trademark claims from application of the first sale doctrine. *Id.* at 1509-104.

---

[4] A handful of courts outside of the Ninth Circuit have found variances between the product warranties offered by the unauthorized distributor and the plaintiff-manufacturer on sophisticated, expensive goods to constitute a material difference. *See e.g.,*

Memorandum of Points and Authorities in Support   Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss   No. 8:20-cv-01032-JLS (JDEx)
14
4842-3151-3283v.2

1       Moreover, the Complaint fails to allege any facts showing how Defendants fail

2  to distribute Josie Maran's cosmetic products in accordance with Plaintiff's purported

3  quality controls, i.e., why Defendant is not capable of abiding by these procedures.

4  Rather, Plaintiff summarily alleges upon information and belief that "Defendant does

5  not abide by Plaintiff's quality controls . . . ."  (Compl. ¶ 37).  This omission is fatal

6  to Plaintiff's claim.  *See Wellnext LLC v. OVM LLC*, No. 17-CV-62107-HUCK, 2017

7  U.S. Dist. LEXIS 218128, at *9 (S.D. Fla. Feb. 15, 2017) (dismissing complaint that

8  "fails to allege that Defendants have failed to abide by Plaintiff's quality control

9  standards" because, "[e]ven though Defendants are not subject to the quality control

10  standards, they could still abide by them without Plaintiffs' oversight"); *Brain*

11  *Pharma, LLC v. Scalini*, 858 F. Supp. 2d 1349, 1355 (S.D. Fla. 2012) ("[I]n the ab-

12  sence of specific, non-conclusory factual allegations which allege that the products

13  sold by Defendants do not meet Plaintiff's standard quality control measures, the

14  Court finds that Plaintiff has failed to state a claim for trademark infringement.")

15  (emphasis added).

16        **d.**    **The Complaint Fails to State a Claim for Unfair Competition**

17               **Under 15 U.S.C. § 1125(a)**

18       Count II of the Complaint attempts to allege unfair competition and false desig-

19  nation of origin under Section 1125(a) of the Lanham Act and California law.  These

20

21  _____

22  *Kia Motors Am., Inc. v. Autoworks Distrib.*, No. 06-156 (DWF/JJG), 2009 U.S. Dist.
LEXIS 15642, at *14 (D. Minn. Feb. 26, 2009) ("End-users or car owners, however,

23  may very likely find the differences in the parties' warranties to be relevant when they
are purchasing replacement parts."); *Beltronics USA, Inc. v. Midwest Inventory Dis-*

24  *tribution, LLC*, 562 F.3d 1067, 1073-74 (10th Cir. 2009) (reseller's radar detectors,
without warranties or service commitments, differed materially from manufacturer's

25  radar detectors with warranties).  However, the Josie Maran cosmetic products in
question in the Complaint are everyday cosmetics and do not rise to the level of so-

26  phisticated or expensive goods.

27  
Memorandum of Points and Authorities in Support    Josie Maran Cosmetics v. Morning Beauty

28  of Defendant's Motion to Dismiss               No. 8:20-cv-01032-JLS (JDEx)

claims are based on the same set of facts discussed above, namely, Defendant's mere resale of genuine products without Plaintiff's authorization.  They should also fail as set forth above, and for the following additional reasons.

Specifically, "[t]o prevail on a false designation of origin claim under 15 U.S.C. § 1125(a) a plaintiff must establish that the defendant adopted a mark confusingly similar to the plaintiff's mark such that there was a likelihood of confusion as to the origin of the goods." *Ross Bicycles, Inc. v. Cycles USA, Inc.*, 765 F.2d 1502, 1503 (11th Cir. 1985).  The first sale doctrine applies with equal force to unfair competition and false designation of origin claims.  "This is for the simple reason that consumers are not confused as to the origin of the goods: the origin has not changed as a result of the resale." *Davidoff & Cie, S.A.* v. *PLD Int'l Corp.*, 263 F.3d 1297, 1301 (11th Cir. 2001) (emphasis added); *NEC Elecs.*, 810 F.2d at 1509 ("[T]rademark law is designed to prevent sellers from confusing or deceiving consumers about the origin or make of a product, which confusion ordinarily does not exist when a genuine article bearing a true mark is sold.").  As such, Counts II and IV of the Complaint should also be dismissed.  *See Brain Pharma, LLC*, 858 F. Supp. 2d at 1356 (dismissing unfair competition and false designation claims where defendants "were merely reselling Plaintiff's genuine products") (emphasis in original).

Plaintiff's claim under California Business and Professions Code § 17200 *et seq*. is premised on the same conduct as its claims under Lanham Act § 43(a).  The Ninth Circuit has repeatedly held that state unfair competition claims under § 17200 are "substantially congruent" to Lanham Act claims and dismiss the state law claims because the Lanham Act claims were dismissed.  *See Denbicare U.S.A. Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-53 (9th Cir. 1996) (affirming dismissal of plain-

1   tiff's §17200 and §17500 claims based on dismissal of Lanham Act claim), *abro-*

2   *gated in part on other grounds by, Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S.

3   519 (2013); *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (affirming

4   dismissal of plaintiff's §17200 claim based on proper dismissal of Lanham Act

5   claim).

6        Because none of Plaintiff's federal law claims state a claim on which relief can

7   be granted, it follows that Plaintiff's state-law claims (Count IV and VI) should fail

8   too.  *See Bern Unlimited, Inc. v. Burton Corp.*, 95 F. Supp. 3d 184, 219 (D. Mass.

9   2015) ("Because defendants' Lanham Act claims do not raise a genuine issue of ma-

10  terial fact, their state law claims do not either.").  In view of the above, Counts 2, 4

11  and 6 of Plaintiff's Complaint must be dismissed.

12        **e.      Defendant's Sales Activity Does Not Cause Dilution of Plain-**

13              **tiff's Trademarks**

14        Counts III and VII of the Complaint attempts to allege that 1) Plaintiff's trade-

15  mark has achieved famous status; and 2) that Defendant "is selling an inferior prod-

16  uct," thereby causing dilution of Plaintiff's allegedly famous mark.  However, these

17  allegations are unsupported and patently false, requiring dismissal.

18        The requirements for a claim of trademark dilution by tarnishment are laid out

19  in 15 U.S.C. § 1125(c)(1).  This provision states that "the owner of a famous mark

20  that is distinctive, inherently or through acquired distinctiveness, shall be entitled to

21  an injunction against another person who, at any time after the owner's mark has be-

22  come famous, commences use of a mark or trade name in commerce that is likely to

23  cause dilution by blurring or dilution by tarnishment of the famous mark, regardless

24  of the presence or absence of actual or likely confusion, of competition, or of  actual

25  economic injury."  15 U.S.C. § 1125(c)(1).

26

27

28

Memorandum of Points and Authorities in Support          Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss                          No. 8:20-cv-01032-JLS (JDEx)

In order to state a sufficient claim under this provision, a party must allege that "(1) the mark is famous; (2) the defendant is making a commercial use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services." *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 633 F.3d 1158, 1164 n.4 (9th Cir. 2011).  However, under the first-sale doctrine, once a trademark owner makes an initial sale of its products into the stream of commerce, such sale "extinguishes the trademark owner's rights to maintain control over who buys, sells, and uses the product in its authorized form." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 301 n.4 (3rd Cir. 1998); *Sebastian Int'l, Inc. v. Longs Drug Stores Corp.*, 53 F.3d 1073, 1074 (9th Cir. 1995), ("Resale by the first purchaser of the original article under the producer's trademark is neither trademark infringement nor unfair competition.").

In reality, Defendant's sale of Josie Maran products, which are not altered or modified in any manner (Schweid Decl. ¶ 5) cannot cause confusion as to manufacture or sponsorship because the goods were manufactured, packaged and distributed by the trademark owner.  Thus, the first sale doctrine extinguishes any trademark claim.  *See NEC Elecs.*, 810 F.2d at 1509 (sale of genuine trademarked product by seller unauthorized to sell not a violation of Lanham Act).

Because none of Plaintiff's federal law claims state a claim on which relief can be granted, it follows that Plaintiff's state-law claim (Count VII) must fail too. *See Bern Unlimited*, 95 F. Supp. 3d at 219 ("Because defendants' Lanham Act claims do not raise a genuine issue of material fact, their state law claims do not either.").

Memorandum of Points and Authorities in Support    Josie Maran Cosmetics v. Morning Beauty
of Defendant's Motion to Dismiss    No. 8:20-cv-01032-JLS (JDEx)

18

4842-3151-3283v.2

**f.      Defendant is Not Entitled to Declaratory Judgement or Injunctive Relief**

Count V of the Complaint seeks a declaration, inter alia, that "Defendant has no right or authorization to sell the Products or use the trademarks" and that Defendants sales of Josie Maran products "willfully violates Plaintiff's rights in the Trademarks."  (Compl. ¶¶ 107, 108).  Defendant further requests the Court to "enjoin Defendant from any further sales."  (*Id.* ¶¶ 107, 109).  However, as set forth, Defendant's sales activities are sanctioned by the first sale doctrine and, consequently, Plaintiff's requests set forth in Count V are moot, at least as set forth above.

**C.   CONCLUSION**

Based on the foregoing, Defendant respectfully requests that its Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction be granted.

In addition, Defendants request that it Rule 12(b)(6) motion to dismiss for failure to state a claim be granted with prejudice.

July 17, 2020

/s/ Stephen M. Lobbin
Stephen M. Lobbin (SBN 181195)
sml@smlavvocati.com
Austin J. Richardson (SBN 319807)
ajr@smlavvocati.com
**SML Avvocati P.C.**
888 Prospect Street. Suite 200
San Diego, CA 92037
Tel:  949.636.1391

Richard Mandaro (PHV to be filed)
rmandaro@arelaw.com
**Amster, Rothstein & Ebenstein LLP**
90 Park Ave.
New York, New York 10016
Tel: 212-336-8000

***Attorneys for Defendant Shefa Group***
***LLC sued herein as Morning Beauty***

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2020, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

/s/ Stephen M. Lobbin